and to do so intelligently. It is apparent in this case that no injury was done the defendant by any imperfect statement of the place where the injuries were received, and there was no intention on the part of the plaintiff to mislead the employer. See Heffron v. Lock Steel Co., 121 App. Div. 35, 105 N. Y. Supp. 429, affirmed by Court of Appeals March 6, 1909, and Finnigan v. N. Y. C. Co., 194 N. Y. 244, 87 N. E. 424.

Third. So far as the granting of a new trial might have been based upon the finding by the jury of the facts from the evidence, we rely upon the discretion and judgment of the trial court ordinarily, and do not examine or weigh the evidence. Our conclusion is that the order appealed from should be affirmed.

Order affirmed, with costs. All concur.

---

PEOPLE ex rel. SMITH v. BOARD OF SUP'RS OF ERIE COUNTY.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1909.)

ANIMALS (§ 30*)—ENFORCING QUARANTINE AGAINST ANIMAL DISEASE—LIABILITY OF STATE OR COUNTY FOR EXPENSES.

County Law (Consol. Laws, p. 432) § 240, defines what are county charges, among others, money necessarily expended in executing the duties of a county office in cases where no specified compensation for services are provided by law. Section 185 provides that when a sheriff shall be required to perform any services in behalf of the people of the state, for their benefit, not made otherwise chargeable, his account therefor shall be audited by the Comptroller and paid out of the state treasury. Agricultural Law (Laws 1893, p. 655, c. 338) § 70b, as added by Laws 1901, p. 863, c. 321, as it existed when services were rendered by a deputy sheriff, pursuant to Laws 1893, p. 670, c. 338, § 65, as amended by Laws 1900, p. 206, c. 118, § 2, and Laws 1901, p. 860, c. 321, in enforcing a quarantine against an animal disease, provided that the expenses incurred by the commissioner in carrying out the provisions of the article, under which the commissioner acted in calling on the sheriff to furnish the deputy to enforce the quarantine, should be audited by the Comptroller as expenses of the Department of Agriculture and paid out of any money in the treasury appropriated therefor. Held, that the sheriff's expenses for such deputy, incurred before the agricultural law was amended by Laws 1909, c. 9, § 96, as amended by Laws 1909, c. 352, to provide that the sheriff's expenses in such case should be a county charge, were chargeable to the state, and not to the county.

[Ed. Note.—For other cases, see Animals, Dec. Dig. § 30.*]

Appeal from Special Term, Erie County.

Mandamus by the People, on the relation of James Smith, Ex-Sheriff of Erie County, against the Board of Supervisors thereof. From an order denying relator's application for peremptory writ, he appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Layton H. Vogel, for appellant.
Thomas A. Sullivan, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

KRUSE, J. In November, 1908, the Commissioner of Agriculture laid a quarantine upon Erie county and certain adjoining counties against the contagious and infectious animal disease known as "foot and mouth disease," and called upon the relator, the sheriff of Erie county, to enforce said quarantine and furnish the necessary special deputy sheriffs to assist in the enforcement of the orders and regulations of the Commissioner, as the Commissioner had the right to do under the agricultural law (Laws 1893, p. 670, c. 338, § 65, as amended by Laws 1900, p. 206, c. 118, § 2, and Laws 1901, p. 857, c. 321, § 1). Pursuant to such declaration and order, the sheriff did appoint deputy sheriffs for that purpose; no other official duties being performed by them. One of such deputies was John L. Grobe. The reasonable charge for the services so performed by him was $3 a day, which was paid by the sheriff, the relator. The sheriff presented his claim therefor to the auditor of the county, who submitted the same to the board of supervisors; but the board declined and refused to audit the same, upon the ground that it was not a charge against the county, but a state charge. Thereafter the relator presented his claim to the Comptroller of the state, who refused to audit the same upon the ground that it was not a state charge, but a county charge. Thereupon the sheriff applied for a peremptory writ of mandamus requiring the board of supervisors to audit his claim. The application was denied at Special Term, upon the ground that the claim was a charge against the state, and not against the county. From the order denying the application, this appeal is taken.

The sheriff receives a stated annual salary and certain fees, besides his necessary disbursements. Laws 1891, p. 268, c. 108; Matter of Beck, 157 N. Y. 151, 52 N. E. 5. That he was required to thus aid the Commissioner of Agriculture and appoint deputies, and that the services so rendered were necessary and the amount paid therefor reasonable, is not controverted. The sheriff is therefore entitled to be reimbursed for the moneys so expended by him, and if a county charge it must be paid by the county. Section 240 of the county law (1 Consol. Laws, p. 432) defines what are county charges; among others, money necessarily expended by any county officer in executing the duties of his office in cases in which no specific compensation for such services is provided by law (subdivision 9). Section 185 of the county law provides, however, that when a sheriff shall be required by any statute to perform any service in behalf of the people of this state, and for their benefit, which shall not be made chargeable by law to his county, or to some officer, body, or person, his account for such services shall be audited by the Comptroller and paid out of the state treasury. Section 70b of the agricultural law (Laws 1893, p. 655, c. 338), as added by Laws 1901, p. 863, c. 321, as it was when the services were rendered and this proceeding was commenced, provided that all expenses incurred by the Commissioner in carrying out the provisions of the article (under which the Commissioner acted) and in performing the duties therein devolved upon him, shall be audited by the Comptroller as extraordinary expenses of the Department of Agriculture, and paid out of any moneys in the treasury appropriated for such purposes. And in 1908 an appropriation of $7,000 was made by the

Legislature for enforcing the provisions relating to the diseases of domestic animals. Laws 1908, p. 1594, c. 466. During the present year the agricultural law has been amended so as to specifically provide that the expenses incurred by the sheriff in carrying out and enforcing any notice, order, or regulation of the Commissioner of Agriculture, in a case like this, shall be a county charge. Laws 1909, c. 9, § 96, as amended by chapter 352 of the Laws of 1909. It seems clear that, until this amendment was passed, expenses such as the relator incurred were chargeable to the state, and not to the county.

The order should therefore be affirmed, with costs. All concur.